## WILLIAM R. CARNES *vs.* JOHN C. NICHOLS.

A person who has illegally detained goods, which the owner has since agreed to accept and send for, is not liable for their destruction by fire without his fault, after the owner has had a reasonable time to remove them.

ACTION OF TORT against a wharfinger for the conversion of fifteen sticks of mahogany, part of a lot of thirty two sticks purchased by the plaintiff of Grace, the consignee of the mahogany, while lying on the defendant's wharf. Trial and verdict for the plaintiff in the superior court of Suffolk at March term 1856, before *Nelson*, C. J., to whose rulings the defendant alleged exceptions. The facts appear in the opinion.

*W. L. Burt*, for the defendant.

*G. O. Shattuck*, (*P. W. Chandler* with him,) for the plaintiff, cited *Greenfield Bank* v. *Leavitt*, 17 Pick. 1, and *Curtis* v. *Ward*, 20 Conn. 204.

THOMAS, J. This is an action of tort (trover) for the conversion of a lot of mahogany, the property of the plaintiff. Of the conversion of the property by the defendant no question seems to have been made. The plaintiff purchased the property of one Grace. He demanded it of the defendant. The defendant refused to deliver, and claimed to retain it till certain charges upon it were paid. What the charges were does not appear, but both parties assume that they were not valid. Grace, of whom the plaintiff purchased, arranged the matter as to the charges with the defendant, and the plaintiff was informed he could have the mahogany. He might have declined to take it, and have recovered of the defendant its value. He did not decline to take it. He directed a teamster to get the mahogany and carry it to his mill. The teamster went, on the same day, to the wharf, and took one load of seventeen sticks, selecting the smaller sticks for his convenience in the carrying of them. The defendant made no objection to the removal in such manner or times as the plaintiff saw fit. The teamster did not remove the remaining fifteen sticks of the mahogany, but delayed removing them, for reasons of his own convenience, till the

afternoon of the next day, when they were destroyed by a fire which occurred without fault of the defendant. After the fire the plaintiff made a demand for the fifteen sticks destroyed by the fire. Upon these facts the defendant asked the court to instruct the jury as follows:

1st. " That if they were satisfied that the first detention of the mahogany for the alleged charges on it by the defendant was illegal, that was a conversion of the whole lot, and the plaintiff might have refused to receive any part of it afterwards, and the defendant would have been liable for the whole lot. But if the plaintiff afterwards was permitted by the defendant to receive, and thereupon directed his agent, the teamster, to go and get the whole lot, there being no arrangement or direction by the plaintiff that a part only should be taken, it was a return and acceptance of all that the plaintiff directed his agent to take and remove, and the defendant was entitled to have the value of that in mitigation of damages, unless the plaintiff was prevented by want of time, or circumstances beyond the plaintiff's control, from removing the whole."

2d. " That if they were satisfied that the first detention of the whole lot of mahogany by the defendant was illegal; but that, after the arrangement between the defendant and Grace, the plaintiff received, and directed his agent the teamster to remove the whole lot, there being no distinction made by the plaintiff or the defendant as to the part delivered and received; and the plaintiff proceeded thereupon to remove the mahogany, and did remove such part as he chose, and might have removed the whole, but left a part on the defendant's wharf for his own convenience, whereby such remaining part was destroyed by an accident without any fault of the defendant; the defendant was entitled to have deducted from the damages for the first conversion the full value of the mahogany at the time of its redelivery to the plaintiff, and acceptance by him, although it still remained on the defendant's wharf, and was eventually lost by the plaintiff."

We think the instructions prayed for correctly stated the law of the case. The mahogany returned to the legal possession and

control of the plaintiff. If reasonable time had not intervened to remove the mahogany before the fire, the defendant might possibly have been liable for its full value. But if reasonable time for removal did intervene — and of this there can be, we think, no doubt — the plaintiff's only claim for damages would be for the detention of the goods, or other injury, before he resumed the control over them.        *Exceptions sustained.*